**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812
MDD_SAGchambers@mdd.uscourts.gov

September 29, 2025

**LETTER ORDER**

Re: Sabrina P. v. Frank Bisignano, Commissioner, Social Security Administration
Civil Case No. SAG-25-00091

Dear Plaintiff and Counsel:

Self-represented plaintiff Sabrina P. ("Plaintiff") filed a Complaint with this Court against the Commissioner of the Social Security Administration ("Defendant") on January 10, 2025. ECF No. 1. On March 13, 2025, Defendant filed a motion to dismiss for failure to state a claim or, in the alternative, for summary judgment. ECF No. 9. After considering the Defendant's motion and Plaintiff's various responses thereto, some of which attached exhibits, ECF 11, 14, 16, the Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons stated herein, the Court will GRANT Defendant's motion for summary judgment.

I.   **FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff filed a claim under Title XVI of the Social Security Act for supplemental security income (SSI) on August 2, 2023. *Id.* at ¶ 2. Over a year later, Plaintiff's application was approved at the reconsideration level of review in November of 2024. *Id.* at ¶ 3.

On November 29, 2024, the Social Security Administration sent a Notice of Award to Plaintiff explaining that she was eligible for SSI and would receive $943.00 in benefits starting in December of 2024. Id. at ¶ 4. The same Notice of Award informed Plaintiff that she was due back payments in the amount of $13,576.50 for the period of September, 2023 through November, 2024. Id. at ¶ 5. The Notice of Award went on to state:

> We are holding your first payment of $13,576.50 for all or part of the period August 2023 through November 2024 because you agreed in writing that the SUFFOLK CO DSS would be repaid the money it paid you for all or part of the period August 2023 through November 2024. After that agency tells us how much it should be repaid, we will send it the money from your first payment. If any money is left from the first payment, we will send it to you. The SUFFOLK CO DSS should send you a letter explaining what you should do if you disagree with the amount they told us to pay them.

ECF 9-2 at p. 21. The Notice further explains that Plaintiff had a right to appeal within 60 days of

Sabrina P. v. Frank Bisignano
Civil No. SAG-25-00091
September 29, 2025
Page 2 of 4

receipt of the notice, including five days for mailing. *Id.* at p. 24. Additionally, the Notice describes how to appeal the decision, the types of appeal available to Plaintiff, and that Plaintiff may have a representative assist her with her appeal. *Id.* at pp. 24-26. Plaintiff filed no such appeal, instead filing her Complaint in this Court on January 10, 2025.

II.     **STANDARD OF REVIEW**

In adjudicating this motion, this Court is mindful that pro se filings, "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

Defendants' Motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56(a). A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Conversion of a motion to dismiss to one for summary judgment under Rule 12(d) is permissible where a plaintiff has "actual notice" that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir. 1998). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for a court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; a court "does not have an obligation to notify parties of the obvious." *Laughlin*, 149 F.3d at 261. Because Defendants filed their motion as a motion to dismiss, or in the alternative, for summary judgment, Plaintiff was on notice that the Court could treat the motion as one for summary judgment and rule on that basis. And in fact, Plaintiff submitted evidence as attachments to each of her filings. Accordingly, this Court will consider this motion under a summary judgment standard and will consider the parties' evidence.

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Defendants, as the moving party, bear the burden of showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad*, 823 F. Supp.2d 334, 348 (D. Md. 2011). If Defendants establish that there is no evidence to support Plaintiff's case, the burden then shifts to Plaintiff to proffer specific facts to show a genuine issue exists for trial. *Id.* Plaintiff must provide enough admissible evidence to "carry the burden of proof at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993)). The mere existence of a scintilla of evidence in support of Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for Plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Casey*, 823 F. Supp.2d at 349. Additionally, summary judgment shall be warranted if the non-moving party fails to provide evidence that establishes an essential element of the case. Plaintiff "must produce competent evidence on each element of his or her claim." *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp.2d 669, 671 (D. Md. 1999). If Plaintiff fails to

do so, "there can be no genuine issue as to any material fact," because the failure to prove an essential element of the case "necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *see also Casey*, 823 F. Supp.2d at 348-349. In ruling on a motion for summary judgment, a court must view all of the facts, including reasonable inferences to be drawn from them, "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

### III.　ANALYSIS

Here, Defendant presents a straightforward argument in its motion. ECF No. 9. In sum, Defendant claims that Plaintiff has not received a final decision of the Commissioner as required to obtain judicial review under 42 U.S.C. § 405(g). ECF No. 9-1 at p. 5. Specifically, Defendant explains that 42 U.S.C. §§ 405(g) and (h) exclusively authorize judicial review in cases arising under title II of the Social Security Act. *Id.* at p. 5-6. Defendant further points to wording in these sections that explicitly conditions judicial review on obtaining a final decision from the Commissioner. *Id.* at 6; *see also* 42 U.S.C. § 405(h). In addition to this statutory language, Defendant explains that Plaintiff has so far failed to obtain a final decision from the Commissioner because she has not presented a claim to the agency that has been exhausted via the agency's four-step judicial review process. ECF No. 9-1 at 6; *see also Mathews v. Eldridge*, 424 U.S. 319, 328 (1976); 20 C.F.R. § 416.1400(a).

In response, Plaintiff has filed three separate pieces of correspondence with this Court. ECF Nos. 11, 14, 16. She attaches exhibits largely consisting of documents she received from SSA. To be sure, this Court is aware that Plaintiff is a *pro se* party and that Complaints filed by such litigants are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, even when construed liberally, Plaintiff's correspondence merely restates the central allegations of the Complaint. She has adduced no evidence that she has exhausted the administrative process by filing the required administrative appeal.

### IV.　CONCLUSION

For the reasons set forth herein, Defendant's motion to dismiss or, in the alternative, for summary judgment, ECF No. 9, is treated as a motion for summary judgment and GRANTED. The clerk is directed to CLOSE this case.

    Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

                                         Sincerely yours,

                                                /s/

                                       Stephanie A. Gallagher
                                       United States District Judge